PER CURIAM.
This cause is before us on appeal and cross appeal from an order of the judge of compensation claims (JCC). Claimant James Cooley appeals the JCC’s denial of bad-faith attorney fees relating to the award of permanent total disability benefits. Servicing agent Sedgwick James cross appeals the award of attorney fees based on the JCC’s finding that the suspension in payment of benefits constituted bad faith.
As to Cooley’s appeal, we find competent, substantial evidence in the record to support the JCC’s denial of bad-faith attorney fees. See, e.g., State v. Roberts, 586 So.2d 1262 (Fla. 1st DCA 1991), review denied, 599 So.2d 657 (Fla.1991). Therefore, we affirm the order without further discussion.
On cross appeal, Sedgwick James argues that the JCC erred in awarding attorney fees in connection with a suspension of indemnity benefits because the suspension was not due to bad faith but rather an unintentional clerical error. In Volusia Memorial Park v. White, 549 So.2d 1114 (Fla. 1st DCA 1989), this court reversed a JCC’s finding of bad faith where the suspension in payments was due to a clerical error and the record failed to show the carrier’s actions were fraudulent, intentional, malicious, or the result of willful, wanton, or reckless disregard. See § 440.-84(3)(b), Fla.Stat. (1987). We find Volusia Memorial Park indistinguishable and controlling in this case. Therefore, we reverse that portion of the order awarding bad-faith attorney fees to Cooley.
BOOTH, BARFIELD and ALLEN, JJ., concur.